IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Teresa Hernandez,
Plaintiff,

v.

Valley View Hospital Association,
Morrison Management Specialists, Inc.,
d/b/a/ Morrison Healthcare Food Services,
and Marc Lillis,
Defendants.

---

TITLE VII COMPLAINT AND JURY DEMAND
_____

Plaintiff Teresa Hernandez, by and through her undersigned counsel, Hess & Schubert, LLP, for her Title VII Complaint and Jury Demand, states as follows:

PARTIES

1. Plaintiff Teresa Hernandez is a citizen of the United States and the State of Colorado who presently resides at 123 Whitehorse Place, Glenwood Springs, CO 81601. The Plaintiff is a former employee of Valley View Hospital.

2. Defendant Valley View Hospital Association is located at 1906 Black Avenue, Glenwood Springs, CO 81601.

3. Defendant Morrison Management Specialists, Inc. d/b/a Morrison Healthcare Food Services is a Georgia corporation, registered and doing business in Colorado with a principal office street address of c/o Tax Department, 2400 Yorkmont Road, Charlotte, NC 28217.  On information and belief, Morrison Management Specialists is a food service contractor to Valley View Hospital.

4. Defendant Mark Lillis is a former employee of Morrison Management Specialists, the Plaintiff's former supervisor, and a current employee of Valley View Hospital.

## JURISDICTION

5. Jurisdiction is asserted pursuant to title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

6. The Defendants are employers within the meaning of Title VIII.

7. The alleged unlawful employment practices took place at Valley View Hospital in Glenwood Springs, Colorado.

8. Jurisdiction also is asserted pursuant to the following statutory authority:  28 U.S.C. §§ 1331 and 1343(4).

## VENUE

9. Venue herein is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3). The Defendant association and corporation are residents of the State of Colorado, doing business therein, and the unlawful employment practice of which the Plaintiff is complaining was committed in the State of Colorado.

## ADMINISTRATIVE PROCEDURES

10. The Plaintiff filed a charge of discrimination with Equal Employment Opportunity Commission or other appropriate administrative agency on or about September 1, 2007 regarding the alleged discriminatory conduct by the Defendants.

11. The Plaintiff received from the EEOC or other appropriate administrative agency a Notice of Right to Sue the Defendants on December 2, 2009. Copies of the notices are set forth as Exhibits A and B.

## NATURE OF THE CASE

12. The Defendants have discriminated against the Plaintiff because of race, color, and national origin.

13. The Defendants have discriminated against the Plaintiff by creating and maintaining a hostile work environment and constructively discharging the Plaintiff.

## CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

14. The Plaintiff is a Hispanic Latina with brown skin whose national origin is Mexico. As such, she is a member of a group protected under Title VII from discrimination on the basis of race, color, and national origin.

15. Commencing in 2005, the Defendants' supervisor, Mark Lillis, and another white employee engaged in a persistent pattern of severe and pervasive harassment involving insults, taunts, jokes, and differential treatment, which created a hostile environment for the Plaintiff in the workplace.

16. Defendant Mark Lillis had the power to alter or affect the terms and conditions of the Plaintiff's employment by hiring, firing, transferring, evaluating performance, or recommending the same.

17. The Plaintiff did not welcome the conduct described above and advised Mr. Lillis that such conduct was unwelcome.

18. The Plaintiff was subjected to the harassment because of race, color, and national origin.

19. The harassment described above had a greater impact on persons of the Plaintiff's race, color, and national origin than on white majority persons.

20. The harassment adversely affected the Plaintiff's psychological well being.

21. The harassment unreasonably interfered with the Plaintiff's work performance.

22. The harassment to which the Plaintiff was subjected would affect the psychological well being and unreasonably interfere with the work performance of a reasonable person of the Plaintiff's race, color, and national origin.

23. Throughout the period of harassment, the Plaintiff gave the Defendants actual notice of the harassment by making repeated complaints to her supervisor, Mark Lillis.

24. Rather than investigating the complaints, Mr. Lillis brushed the complaints off and never informed higher management.

25. Racial, color-based, and national origin harassment was sufficiently widespread, pervasive, and prevalent in the Plaintiff's workplace at all times pertinent hereto to charge the Defendants with constructive notice of it.

26. The Defendants failed to take adequate remedial action.

27. Defendant Mark Lillis was acting within the scope of his employment and furthering the objectives of the Defendants by harassing and then covering up the harassment of the Plaintiff.

28. The Plaintiff sustained emotional suffering and injury attributable to the harassment.

29. The Defendants acted with reckless indifference to the Plaintiff's civil rights and emotional and physical well being.

## REQUEST FOR RELIEF

Plaintiff Teresa Hernandez prays that the Court:

1. Issue an order requiring Valley View Hospital to take steps to protect the Plaintiff and other employees similarly situated from the type of conduct described in the complaint above and from all other forms of harassment in the future.

2. Issue an order requiring Valley View Hospital to establish reasonable and adequate procedures for investigating complaints of harassment based on race, color, and national origin and taking suitable remedial action.

3. Order reinstatement of the Plaintiff in the position she would occupy and with all the benefits she would have if she had not suffered adverse employment action attributable to sexual harassment, or award the Plaintiff front pay in the amount to be determined at trial if reinstatement is determined at trial to be impractical.

4. Award the Plaintiff back pay, including overtime pay, pension benefits, and other employment benefits which would have accrued if the Plaintiff's employment had not been terminated, in an amount to be determined at trial.

5. Award the Plaintiff compensatory damages for her emotional suffering in an amount to be determined at trial.

6. Award the Plaintiff punitive damages in the amount of $200,000.00.

7. Award the Plaintiff attorneys' fees, including expert witness fees, pursuant to 42 U.S.C.A. § 2000e-5(k).

8. Award the Plaintiff costs, interest, and such other relief as this Court may deem proper.

JURY DEMAND

The Plaintiff hereby demands a trial by jury.

DATED this 26th day of February, 2010.

Respectfully submitted,

HESS & SCHUBERT, LLP


/s/ Theodore G. Hess_____
Theodore G. Hess, 31594
804 Colorado Avenue, 2nd Floor
Glenwood Springs, CO 81601
Telephone: (970) 945-5300
Facsimile: (970) 945-2898
E-mail: ted@tedhess.com
*Attorney for Plaintiff*

VERIFICATION

Theodore G. Hess, under penalty of perjury, states the following:

1. I am an attorney admitted to practice before this Court. I am employed by Hess & Schubert, LLP, the attorneys for the Plaintiff in the foregoing Complaint.
2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The source of my information and belief are documents provided to me by, and conversations with, the Plaintiff.

DATED this 26th day of February, 2010.

/s/ Theodore G. Hess_____
Theodore G. Hess, 31594
804 Colorado Avenue, 2nd Floor
Glenwood Springs, CO 81601
Telephone: (970) 945-5300
Facsimile: (970) 945-2898
E-mail: ted@tedhess.com
*Attorney for Plaintiff*