IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 10-CV-00455-REB-MJW

TERESA HERNANDEZ,

                          Plaintiff,

v.

VALLEY VIEW HOSPITAL ASSOCIATION
AND MORRISON MANAGEMENT SPECIALISTS, INC.,
d/b/a MORRISON HEALTHCARE FOOD SERVICES,

                          Defendants.

## STIPULATED PROTECTIVE ORDER ( Docket No 34-1 )

Upon consideration of the parties' Stipulated Protective Order concerning certain confidential information and documents to be disclosed during discovery, and it appearing to the Court that sufficient cause exists for the issuance of such Order, IT IS ORDERED as follows:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.    Information designated "CONFIDENTIAL" shall be information that is confidential

and meets the requirements set forth in 5 U.S.C. § 552(b)(4) and (b)(6), such as: (a) personnel records of current or former employees of Defendants; (b) any non-public personal information, including credit or debit card numbers, social security numbers, drivers' license numbers, and bank or financial account information or password information; (c) Defendants' trade secrets and commercial or financial information that is either privileged or confidential; (e) W-2's and other financial information; (f) Protected Health Information; and (g) any other material qualifying for protection under Fed. R. Civ. P. 26(c)(7) and/or C.R.S. § 7-74-101 et seq.

4. CONFIDENTIAL documents, materials, and/or information (collectively, "CONFIDENTIAL information" or "CONFIDENTIAL material") shall not, without the consent of the party designating it as CONFIDENTIAL (the "Designating Party") or further Order of the Court, be disclosed *except that* such information may be disclosed, solely for the purposes of this case, to: attorneys actively working on this case; persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case; the parties, including the designated representatives for Defendants; expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; the Court and its employees ("Court Personnel"); stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action; deponents, witnesses, or potential witnesses; at trial, or at any appeal or other court proceeding in this case; and to other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters),

counsel shall advise the person to whom disclosure is made regarding the terms of this Protective Order and provide such person with a copy of this Protective Order. For all such persons, counsel shall obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

7. Before any information is designated "CONFIDENTIAL," counsel of record for the Designating Party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall

identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. This Stipulated Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions, pleadings, or motions, or at trial, or in post-trial motions or proceedings, provided that such uses are related to the prosecution or defense of this case. Notwithstanding that CONFIDENTIAL documents may be used, this Stipulated Protective Order does not waive any right of any party to file a motion under D.C.COLO.LCivR. 7.2 to seal all or a portion of papers and documents filed with the Court. In addition, the parties agree to comply with D.C.COLO.LCivR. 7.X 2 regarding procedures for filing papers and documents under seal for any documents that are marked CONFIDENTIAL.

11. In the event that any CONFIDENTIAL material is used in any court proceeding in this action or any appeal from this action, counsel shall confer in good faith on such procedures as are

necessary to protect the confidentiality of any such material used in the course of any court proceedings including, but not limited to, requesting the Court to hear counsel with respect to such information in camera. No party, other than the Designating Party, shall offer CONFIDENTIAL material into evidence, or otherwise tender CONFIDENTIAL material to the Court in any court proceeding, without first advising the Court and the Designating Party of its intent to do so; notification is satisfied by provision of an exhibit list or copy of exhibits to be proffered. At that point, the Designating Party may seek such protection from the Court as it deems appropriate, including the exclusions of persons and witnesses from the Court and the sealing of the pertinent parts of the Court records. The use of CONFIDENTIAL material in any court proceeding shall not prejudice or limit in any way the rights of any person to petition the Court for such further protective measures as may be necessary to protect the confidentiality of such material.

11. The provisions of this Order shall, absent written permission of a designating party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals and any entry of an order, judgment or decree finally disposing of all litigation. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction. Counsel for each party may retain copies of the court papers, deposition, and trial transcripts, and attorney work product that contain CONFIDENTIAL information, for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express

permission of this Court after written notice to counsel for the party that produced the documents.

12. If any person receiving and in the possession, custody, or control of CONFIDENTIAL information is served with a subpoena, demand, or any other legal process seeking discovery material containing CONFIDENTIAL information by one not a party to this action, the receiving party shall give prompt written notice, by hand or facsimile transmission within forty-eight (48) hours of its receipt of such subpoena, demand or legal process, to the Designating Party, assuming the provision of such notice is not forbidden by law or legal authorities. The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking the discovery material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

13. Neither this Order, the production or receipt of CONFIDENTIAL material hereunder, nor otherwise complying with the terms of this Order, shall:

a. Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth in this Order constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL information;

b. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

c. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any CONFIDENTIAL information the party asserts requires or should

be subject to other or further protection;

        d.    Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for in this Order with respect to any particular CONFIDENTIAL information; or

        e.    Prejudice in any way the rights of a party to contest the designation of any information as "Confidential."

14.    This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 5th day of October, 2010.

BY THE COURT:

_[signature]_

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

AGREED AND APPROVED:

s/ Theodore G. Hess
Theodore G. Hess, Esq.
HESS & SCHUBERT, LLP
804 Colorado Avenue, 2nd Floor
Glenwood Springs, CO 81601
Attorney for Plaintiff

s/ Michael C. Santo
Michael Santo, Esq.
Julia R. Sprinkle, Esq.
BECHTEL & SANTO, LLP
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
Attorneys for Defendant Valley View

s/ Allison R. Cohn
Joshua B Kirkpatrick, Esq.
Allison R. Cohn, Esq.
LITTLER MENDELSON
1200 17th Street, Suite 1000
Denver, CO 80202.5835
Attorneys for Defendant Morrison
Management Specialists, Inc.