**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00455-REB–MJW

TERESA HERNANDEZ,

    Plaintiff,

v.

VALLEY VIEW HOSPITAL ASSOCIATION, and
MORRISON MANAGEMENT SPECIALISTS, INC., d/b/a Morrison Healthcare Food Services,

    Defendants.

## ORDER GRANTING MOTIONS TO DISMISS THIRD CLAIM FOR RELIEF

**Blackburn, J.**

The matters before me are (1) **Defendant Valley View's Motion To Dismiss Plaintiff's Third Claim for Relief (Retaliation for Activity Protected by Title VII)** [#39][1] filed October 7, 2010; and (2) **Defendant Morrison Management Specialists, Inc.'s Motion To Dismiss Plaintiff's Third Claim for Relief** [#40] filed October 7, 2010.  I grant the motions and dismiss plaintiff's claim for retaliation as barred by the statute of limitations.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

---

[1] "[#39]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

A motion to dismiss based on the statute of limitations is typically reviewed as a motion to dismiss for failure to state a claim under Rule 12(b)(6). **See Tillman v. Vandel**, 2008 WL 791935 at *2 (D. Colo. March 19, 2008). When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a). I must accept all well-pleaded allegations of the complaint as true. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Association**, 987 F.2d 278, 284 (5th Cir. 1993); **see also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), **cert. denied**, 123 S.Ct. 1908 (2003).

I review the amended complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." **Id.** (emphases in original).² Nevertheless, the standard remains a liberal

---

² **Twombly** rejected and supplanted the "no set of facts" language of **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The Tenth Circuit clarified the meaning of the "plausibility" standard:

one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Twombly*, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III. ANALYSIS

On September 1, 2007, plaintiff filed a Charge of Discrimination with the EEOC. She received notice of right to sue from the agency on or about December 2, 2009. On February 26, 2010 – within the ninety-day statute of limitations provided by 42 U.S.C. § 2000e-5(f)(1) – she filed the instant action, alleging claims for relief for discrimination and harassment based on "race, color, and national origin." On September 23, 2010, plaintiff was granted leave to amend her complaint to add a claim for retaliation. (**See Minute Order** [#32] filed September 23, 2010.)[3] The amended complaint adds for the

---

> "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974) (internal citations and footnote omitted).

[3] The magistrate judge relied on *General Steel Domestic Sales, LLC v Steelwise, LLC*, 2008 WL 2520423 at *4 (D. Colo. June 20, 2008), in allowing the amendment without considering defendants' arguments of futility. I do not believe that opinion can be so broadly applied. The *General Steel* court actually denied a motion for leave to amend, and, thus, its observation that the defendants' "futility argument seems to place the cart before the horse," as well as its suggestion that "the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place," are mere

first time a claim of retaliation.  There is no dispute that this claim was filed more than ninety days after issuance of the right to sue letter.  **See** 42 U.S.C. § 2000e-5(f)(1).  The only issue, therefore, is whether the newly added claim relates back to the date of the original complaint such that it comes within the applicable statute of limitations.

I find that it does not.  Rule 15 provides that "[a]n amendment to a pleading relates back to the date of the original pleading when:  . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]"  **FED.R.CIV.P.** 15(c)(1)(B).  This is not a case in which plaintiff simply has applied a new legal theory to a pre-existing set of facts.  **See Spillman v. Carter**, 918 F.Supp. 336, 340 (D. Kan. 1996) ("The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading.") (quoting 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, **Federal Practice and Procedure** § 1497 at 94-95 (1990)) (internal quotation marks omitted).  Plaintiff does not attempt to argue, nor could she, that the allegedly retaliatory actions set forth in her amended complaint arise out of the facts pled in support of her general discrimination and harassment allegations of the original complaint.  Instead, the retaliation claim alludes to entirely new and discrete actions that were not pled in the original complaint.  Therefore, I find that the amendment does not meet the requirements of Rule 15(c)(1)(B).[4]  **See**

---

dicta.  Applying that line of reasoning, regardless of the circumstances, delays the near-inevitable motion to dismiss and, concomitantly, creates potentially unnecessary burdens on the litigants and the court.

[4] No other subsection of Rule 15(c) is alleged to be operative here.

*Reed v. Entercom Communications Corp.*, 2006 WL 1174023 at *1 (D. Kan. Apr. 28, 2006) ("When an amendment is based on different facts, transactions, and occurrences, a claim in an amended pleading will not relate back."). **See also Landis v. Correctional Corp. of America-Leavenworth Detention Center**, 1999 WL 459338 at *3(D. Kan. June 11, 1999) (finding no relation back where "[p]laintiff's retaliation claim [was] in no way based on or related to the factual allegations contained in plaintiff's original complaint").

The fact that such a claim may have been raised in plaintiff's EEOC charge is not relevant for present purposes. Rule 15 applies to pleadings, the definition of which is not strictly limited and does not encompass administrative filings. **See FED.R.CIV.P.** 7(a). Thus, plaintiff's attempted amendment cannot relate back to her EEOC charge. **See Zakutansky v. Bionetics Corp.**, 806 F.Supp. 1362, 1366 (N.D. Ill. 1992). Nor is plaintiff's argument well taken that defendants are not prejudiced by the amendment. Once the ninety-day limitations period expired without the retaliation claim having been made part of this lawsuit, defendants were entitled to rely on plaintiff's apparent abandonment of that claim in moving forward, and, thus, her attempt to reinvigorate such a claim at this belated juncture, in fact, does prejudice defendants.

### IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant Valley View's Motion To Dismiss Plaintiff's Third Claim for Relief (Retaliation for Activity Protected by Title VII)** [#39] filed October 7, 2010, is **GRANTED**;

2. That **Defendant Morrison Management Specialists, Inc.'s Motion To Dismiss Plaintiff's Third Claim for Relief** [#40] filed October 7, 2010, is **GRANTED**;

3. That Count Three: Retaliation for Activity Protected by Title VII of the **Amended Complaint and Jury Demand** [#33], filed September 23, 2010, is **DISMISSED WITH PREJUDICE**; and

4. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendants, Valley View Hospital Association and Morrison Management Specialists, Inc., d/b/a Morrison Healthcare Food Services, against plaintiff, Teresa Hernandez, as to Count Three: Retaliation for Activity Protected by Title VII of the **Amended Complaint and Jury Demand** [#33] filed September 23, 2010; provided, that the judgment as to this claim **SHALL BE** with prejudice.

Dated December 14, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge