IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00455-REB-MJW

TERESA HERNANDEZ,

Plaintiff,

v.

VALLEY VIEW HOSPITAL ASSOCIATION and
MORRISON MANAGEMENT SPECIALISTS, INC.,
d/b/a MORRISON HEALTHCARE FOOD SERVICES,

Defendants.

---

**ORDER REGARDING
DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S WITNESSES
RENE MARTINEZ, CLAUDIA MARTINEZ, CLAUDIA CEJA, EMELINA MORALES,
AND LUZ PEREZ (DOCKET NO. 74)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Motion to Exclude Testimony of Plaintiff's Witnesses Rene Martinez, Claudia Martinez, Claudia Ceja, Emelina Morales, and Luz Perez (docket no. 74).  The court has reviewed the subject motion (docket no. 74), the response (docket no. 134), and the reply (docket no. 135).  In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following finding of fact, conclusions of law, and Order.

In the subject motion (docket no. 74), Defendants seek an order from this court striking Plaintiff's "may call" witnesses Rene Martinez, Claudia Martinez, Claudia Ceja,

2

Emelina Morales, and Luz Perez.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and district of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in the Response (Docket No. 134 at 1, ¶ 1), Plaintiff agrees, in part, with Defendants' analysis and states she will not call Claudia Ceja, Emelina Morales, and Rene Martinez. Therefore, Plaintiff has confessed the motion as it pertains to these three witnesses;

5. That a district court has "broad discretion" to determine the admissibility of evidence and to do so before trial. See Spring/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008). In "[a]ssessing the probative value of [proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under [Fed. R. Evid.] 401 and 403 . . . ." United States v. Abel, 469 U.S. 45, 54 (1984);

6. That as to the Plaintiff's proffered testimony of Claudia Martinez, I find that Plaintiff has failed to demonstrate any personal knowledge by Claudia Martinez as to any of the relevant issues before this court. There is no evidence to suggest that either Claudia Martinez

3

was present when the alleged "manager" made any allegedly discriminatory statements prohibiting food requests to Latino patients, and thus without personal knowledge, such testimony should be excluded under Fed. R. Evid. 403, 602, and 802;

7. That as to the Plaintiff's proffered testimony of Claudia Martinez, I also find that her testimony does not fall within the present sense impression exception to the Hearsay Rule under Fed. R. Evid. 803(1) because this exception "applies only to reports of what the declarant has actually observed through the senses, not to what the declarant merely conjectures." Brown v. Keane, 355 F.3d 82, 89 (2nd Cir. 2004). As outlined in Plaintiff's response (docket no. 134), the statement at issue here concerns an unknown declarant telling Ms. Martinez that she has a "racist manager that did not like Hispanics" and is not a perception of an event, much less one contemporaneously occurring as required under Fed. R. Evid. 803(1); and

8. That as to the Plaintiff's proffered testimony of Luz Perez, I find that Luz Perez was not listed on the witness list for the Plaintiff in the Final Pretrial Order entered in this case. I further find that Plaintiff has violated Fed. R. Civ. P. 16(e) and 37(c)(1) and that the prejudice to Defendants cannot be cured at this late date since trial is set to begin before Judge Blackburn on May 2, 2011, at 8:30 a.m., and Plaintiff has failed to demonstrate substantial justification

4

for such a late endorsement. See Dunlap v. City of Okla. City, 12 Fed. Appx. 831, 835 (10th Cir. 2001), Mehus v. Emporia State Univ., 326 F. Supp.2d 1213, 1218-19 (D. Kan 2004);

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusion of law, this court **ORDERS**:

1. That Defendants' Motion to Exclude Testimony of Plaintiff's Witnesses Rene Martinez, Claudia Martinez, Claudia Ceja, Emelina Morales, and Luz Perez (docket no. 74) is **GRANTED**;

2. That Plaintiff's witnesses Rene Martinez, Claudia Martinez, Claudia Ceja, Emelina Morales, and Luz Perez are precluded from testifying at trial for the reasons stated above; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 19th day of April, 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE