**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00455-REB–MJW

TERESA HERNANDEZ,

    Plaintiff,

v.

VALLEY VIEW HOSPITAL ASSOCIATION, and
MORRISON MANAGEMENT SPECIALISTS, INC., d/b/a Morrison Healthcare Food Services,

    Defendants.

**ORDER DENYING DEFENDANT VALLEY VIEW
HOSPITAL'S MOTION TO REVIEW AWARD OF COSTS**

**Blackburn, J.**

The matter before me is **Defendant Valley View Hospital's Motion To Review Award of Costs** [#163] filed July 20, 2011.[1]  I deny the motion.

Allowable costs are delineated by 28 U.S.C. § 1920.  The burden is on the prevailing party to establish that the expenses it seeks to have taxed as costs are authorized by section 1920.  ***English v. Colorado Department of Corrections***, 248 F.3d 1002, 1013 (10th Cir. 2001); ***Griffith v. Mt. Carmel Medical Center***, 157 F.R.D. 499, 502 (D. Kan. 1994).  Expenses not specifically authorized by the statute are not recoverable as costs.  ***Crawford Fitting Co. v. J.T. Gibbons, Inc.***, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987); ***Bee v. Greaves***, 910 F.2d 686, 690 (10th Cir. 1990).  Moreover, even where costs are allowed by statute, the prevailing

---

[1] Plaintiff has filed no response to this motion.

party still must demonstrate that the amount requested is reasonable.  **See *U.S. Industries, Inc. v. Touche Ross & Co.***, 854 F.2d 1223, 1245 (10th Cir. 1988), **overruled on other grounds as recognized by *Anixter v. Home-Stake Products Co.*,** 77 F.3d 1215, 1231 (10th Cir. 1996).

Defendant, as a prevailing party in this lawsuit, sought costs of $2,286.45 associated with deposition transcripts and another $1,463.35 as compensation for interpreters.  The clerk of the court reduced these amounts to $2,099.50 and $964.18, respectively, on the ground that costs associated with depositions not used in connection with defendant's successful summary judgment motion were not necessarily obtained for use in the case.

Although the clerk's standard may be "narrower than section 1920" requires, it is not necessarily an abuse of discretion to employ such a measure of costs.  ***Merrick v. Northern Natural Gas Co., Division of Enron Corp.***, 911 F.2d 426, 434 (10th Cir. 1990); ***Hernandez v. George***, 793 F.2d 264, 268-69 (10th Cir. 1986).  Moreover, "[t]he most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court." ***U.S. Industries, Inc.***, 854 F.2d at 1246.  On the other hand, actual use in a motion presented to the court does not define the absolute outer limit of necessary costs, either.  **See *Mitchell v. City of Moore, Oklahoma***, 218 F.3d 1190, 1205 (10th Cir. 2000) ("[I]t would be inequitable to essentially penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case.")

(quoting **Callicrate v. Farmland Industries, Inc.**, 139 F.3d 1336, 1341 (10th Cir. 1998)).

My previous rulings manifest that I am no particular fan of the clerk's hyper-technical rule regarding allowable costs, and I have not hesitated to find that he abused his discretion in excluding costs associated with depositions simply because they were not appended to a successful dispositive motion.[2] **See, e.g.**, **Estate of Santistevan v. City and County of Denver**, 2010 WL 2667411 at *1 (D. Colo. July 1, 2010); **Perry v. Taser International Corp**, 2008 WL 4829850 at *1 (D. Colo. Nov. 4, 2008); **Rohrbough v. University of Colorado Hospital Authority**, 2008 WL 1840723 at *1 (D. Colo. April 22, 2008). On the other hand, I have declined to award costs based on a defendant's mere *ipse dixit* that such were necessarily incurred. **See Carney v. City and County of Denver**, 2007 WL 2116368 at *1 (D. Colo. July 19, 2007) (citing **Wilmshurst v. Carriage Cove Ltd.,** 2000 WL 33710894 at *4 (D. Utah Apr. 24, 2000), and **Green Construction Co. v. Kansas Power & Light Co.**, 153 F.R.D. 670, 683 (D. Kan. 1994)).

Because defendant in this instance has failed to substantiate the necessity of the witnesses as to which costs are sought, I may not find that the clerk abused his discretion in denying them. Defendant does not describe in its motion who the excluded witnesses are or what their relation to the claims and defenses in this case might be, but notes merely that the witnesses were identified in plaintiff's initial Rule 26 disclosures or

---

[2] I fear the clerk's cramped interpretation may lead parties to unnecessarily paper the docket with extraneous transcripts to ensure that all properly allowable costs are considered. Not only does this create the potential to create unwanted girth in the docket, it also could lead to it's own form of abuse if parties attach transcripts or other matters that are not actually necessary to resolution of the motion.

as witnesses in the Final Pretrial Order.  ([#70] filed February 22, 2011.)  **Cf. Estate of Santistevan**, 2010 WL 2667411 at *1 (finding that clerk abused his discretion in not allowing costs of plaintiff's deposition or of "other deponents, all [of whom] were present at and percipient witnesses to the rapidly-unfolding events underlying plaintiffs' claims"). This fact in and of itself is not sufficient to allow me to conclude that the depositions of these witnesses were necessary.  Moreover, the vague and nearly identical descriptions of each witness's testimony in the Final Pretrial Order do not establish necessity, either.[3]  The suggestion that each witness is "expected to have information regarding the discriminatory comments [he or she] received while working at Valley View Hospital; the discriminatory environment of Valley View Hospital; and [his or her] actions and observations relating to the same" is simply insufficient to allow me to conclude that any particular witness's deposition might reasonably have been seen as necessary at the time it was taken.

**THEREFORE, IT IS ORDERED** that **Defendant Valley View Hospital's Motion To Review Award of Costs** [#163] filed July 20, 2011, is **DENIED**.

Dated December 9, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[3] The Rule 26 initial disclosures are not part of the record before me.