**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00455-REB–MJW

TERESA HERNANDEZ,

    Plaintiff,

v.

VALLEY VIEW HOSPITAL ASSOCIATION,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT
AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50(b)**

**Blackburn, J.**

The matter before me is **Defendant's Motion For Judgment As a Matter of Law Pursuant to Fed. R. Civ. P. 50(b)** [#261],[1] filed February 27, 2014.  I deny the motion.

This matter was tried to a jury on January 27-30, 2014.  At mid-trial, defendant moved for judgment as a matter of law under Rule 50(a) on the discrete and limited issue whether Nick Stillahn was plaintiff's supervisor.  The court granted that motion. (*See* **Courtroom Minutes** at 2 [#257], filed January 29, 2014.)  At the close of all the evidence, defendant moved for judgment as a matter of law as to both plaintiff's claims, which the court denied.  (*See* **Courtroom Minutes** at 2 [#258], filed January 30, 2014.) Following deliberations, the jury returned a verdict in favor of plaintiff on her claims for

---

[1] "[#261]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

hostile work environment and constructive discharge, rejected defendant's affirmative defense that plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by defendant, and awarded plaintiff $100,000 in compensatory damages. Defendant now renews its post-evidentiary oral motion for judgment as a matter of law as to these substantive claims for relief.

A party seeking relief under Rule 50(b) is entitled to judgment as a matter of law if the evidence so overwhelmingly supports one position that no reasonable inferences may be drawn from the evidence to sustain the position of the non-movant. *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000). "[I]n reviewing the record, [the court] will not weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." *Hampton v. Dillard Department Stores Inc.*, 247 F.3d 1091, 1099 (10th Cir. 2001) (internal quotation marks omitted). Judgment as a matter of law must be denied if there is any legally sufficient evidentiary basis for a claim. *Id*. I must consider the evidence and all inferences in favor of the nonmoving party. *Id*.; *see also Aquilino v. University of Kansas*, 268 F.3d 930, 933 (10th Cir. 2001). Judgment as a matter of law must be denied where there is a legally sufficient evidentiary basis for the non-movant's claim. *Hampton*, 247 F.3d at 1099.

Having reviewed the motion, the response, and the reply, and having presided over the trial and thus being fully apprised of the evidence that was before the jury, I find and conclude that defendant has not demonstrated that it is entitled to judgment as a matter of law. I find that the evidence presented at trial was not of such quality and weight as to establish irrefutably that reasonable people could not arrive at a contrary

verdict.  Indeed, the Tenth Circuit's order remanding this case for trial made clear that the evidence of hostile work environment – all of which was presented at trial – was sufficient for a reasonable jury to find in favor of plaintiff on her claims.  **See Hernandez v. Valley View Hospital Association**, 684 F.3d 950, 960-61 (10th Cir. 2012).  The jury's verdict undoubtedly came down to a credibility determination adverse to defendant's witnesses, a determination that the court may not disturb.  **Hampton**, 247 F.3d at 1099.  Concerning plaintiff's constructive discharge claim, the evidence was sufficient for a reasonable jury to conclude that defendant's investigation of plaintiff's claim was perfunctory and inadequate, that its refusal to consider granting her request for a transfer and insistence that she return to work in the same department of the hospital were unreasonable and were such as would lead a reasonable person to feel compelled to resign.  **See Pennsylvania State Police v. Suders**, 542 U.S. 129, 147, 124 S.Ct. 2342, 2354, 159 L.Ed.2d 204 (2004).

Accordingly, defendant's motion for judgment as a matter of law is not well taken and must be denied.

**THEREFORE, IT IS ORDERED** that **Defendant's Motion For Judgment As a Matter of Law Pursuant to Fed. R. Civ. P. 50(b)** [#261], filed February 27, 2014, is **DENIED**.

Dated August 7, 2014, at Denver, Colorado.

**BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge